UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~

In re
**SHAMUS HOLDINGS, LLC,**                           Chapter 11
    Debtor                                       Case No. 07-14572-JNF

~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the "Motion to Approve Acquisition of Claims by Debtor" (the "Acquisition Motion"), pursuant to which the Debtor seeks Court approval of the conditional release of certain claims and causes of action it holds against 14 Beach Street Realty Trust, Pine Banks Nominee Trust, and Foundry Realty LLC (collectively, the "Assigning Co-Parties"), in exchange for assignments of certain claims and causes of action held by the Assigning Co-Parties against LBM Financial, LLC ("LBM") and Wolfpen Financial LLC ("Wolfpen"), all as set forth in a "Settlement Agreement" attached to the Acquisition Motion.[1] The Debtor's purpose in filing the Acquisition Motion is to confer

---

[1] The assignments include causes of action against the officers, directors, managers, members, trustees, beneficiaries, agents, employees, successors, and assigns of LBM and Wolfpen, specifically, Marcello Mallegni and Michael J. Norris. Additionally, the Debtor, through the Acquisition Motion, disclosed that it had executed an ancillary agreement with Barry Queen, agreeing not to assert any claim or cause of action against him in consideration for his execution of the Agreement as a

1

upon itself standing to renew counterclaims it previously asserted in an adversary proceeding commenced by the filing of an "Objection to Claim and Counterclaim" (the "Litigation").

## II. BACKGROUND

By way of background, this Court, on August 6, 2008, dismissed the Debtor's Counterclaims and circumscribed the grounds upon which the Debtor could object to LBM's proof of claim. The Court based its decision, in part, on the Debtor's lack of standing to assert a number of its Counterclaims, a decision which the Debtor appealed. *See* Shamus Holdings, LLC v. LBM Financial, LLC, No. 08-1030, 2008 WL 3191315 (Bankr. D. Mass. Aug. 6, 2008). The Debtor, in its pleadings, has admitted that the purposes of the Acquisition Motion are to enable it "to pursue the Assigning Co-parties' claims and causes of action against LBM, which are rights the Debtor may be unable to assert based on the Court's recent decision, as well as to "eliminate the need for a time consuming and expensive appeal . . . ." In short, the Debtor's Acquisition Motion represents an attempt to circumvent the August 6, 2008 decision in lieu of pursuing its appeal.

LBM objected to the Acquisition Motion, and the incorporated Settlement Agreement, on a variety of grounds, including that the Debtor failed to satisfy the standards for approval of settlement agreements, *see* Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995); Fed. R. Bankr. P. 9019, that the Debtor failed to establish that the acquisition and release of the claims described in the its pleadings are in the best interests of the

---

member of Foundry Realty LLC.

bankruptcy estate, that the Debtor failed to disclose the multiple and competing roles that its principal has undertaken with different parties whose claims are part of the Acquisition Motion, and that the Debtor is seeking to improperly validate the assignment of claims based upon allegations of fraud and misrepresentation.

## III. DISCUSSION

Upon consideration of the Acquisition Motion, LBM's Objection and the Debtor's Response to LBM's Objection, the Court denies the Acquisition Motion. While LBM's Objection has merit, the Court finds that allowance of the Acquisition Motion would be futile. Were the Debtor to seek to renew its Counterclaims, either through the commencement of a new adversary proceeding or through a motion for reconsideration of the Court's August 6, 2008 decision, it would need to satisfy the requirement of Fed. R. Civ. P. 60(b), made applicable to this proceeding by Fed. R. Bankr. P. 9024. Rule 60(b) provides in pertinent part the following:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;

>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As is evident from even a cursory review of the grounds for relief in Rule 60(b), only the last, "any other reason that justifies relief," is applicable. "A second bite of the apple," however, is not a reason justifying relief.

The Debtor, whose manager is Steven A. Ross, filed its Chapter 11 petition on July 25, 2007. Approximately six months later, after considerable use of Fed. R. Bankr. P. 2004 to obtain discovery from principals and agents of LBM and others, it commenced the Litigation referenced above against LBM in which it objected to LBM's proof of claim and asserted ten counterclaims. The Debtor, which was formed less than one week before it filed its Chapter 11 petition, not burdened with substantial unsecured debt. Indeed, it listed just one secured creditor, LBM, with a mortgage secured by Unit C-1 of the Foundry Condominium located at 314-330 West Second Street, South Boston, Massachusetts (the "Foundry property") and one unsecured creditor, GMCR Capital LLC, whose claim was incurred on July 3, 2007 before the Debtor was formed. LBM has alleged that GMCR Capital LLC is an insider of the Debtor because the Debtor and GMCR Capital LLC have the same manager, namely Steven A. Ross.[2] In view of these circumstances, the Court finds

---

[2] LBM supported its allegation with a copy of GMCR Capital LLC's Certificate of Organization, which reveals that Ross is its manager.

4

that the Debtor cannot advance a legitimate reason for relieving itself of the adverse consequences of this Court's August 6, 2008 judgment. The only reason that this Court can fathom is to belatedly correct the deficiencies that precipitated the dismissal of its counterclaims - - deficiencies which were patent in view of the Debtor's acquisition of the Foundry property on the same day it was formed and within days of the commencement of the Debtor's bankruptcy case. *See* 2008 WL 3191315 at *1. This reason is outside the purview of Rule 60(b).

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order denying the Acquisition Motion

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: November 12, 2008