UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re: | |
|---|---|
| SHAMUS HOLDINGS, LLC, | Chapter 11<br>Case No. 07-14572 (JNF) |
| Debtor. | |

**STIPULATION BY AND BETWEEN THE DEBTOR AND LBM FINANCIAL, LLC
EXTENDING 90-DAY PERIOD SET FORTH IN SECTION 362(d)(3) OF THE
BANKRUPTCY CODE AND REQUEST FOR ORDER**

This Stipulation is entered into by and between Shamus Holdings, LLC (the "Debtor") and LBM Financial, LLC ("LBM"):

WHEREAS, the Debtor filed its voluntary petition initiating this bankruptcy proceeding on July 25, 2007;

WHEREAS, the Debtor continues to operate as a debtor in possession and no committee of creditors has been appointed;

WHEREAS, the Debtor's primary asset is the real property located at Unit C-1, Foundry Condominium, 314 West Second Street, South Boston, Massachusetts (the "Property") and the income generated by the Property;

WHEREAS, the Debtor is a single asset real estate enterprise as that phrase is used in Sections 101(51B) and 362(d)(3) of the United States Bankruptcy Code ("Bankruptcy Code");

WHEREAS, under certain circumstances, Section 362(d)(3) of the Bankruptcy Code requires a single asset real estate debtor to file a plan of reorganization or begin making payments to all secured creditors on or before the ninetieth day following the order for relief;

WHEREAS, LBM asserts that it holds a valid claim secured by a mortgage recorded against the Property and further that Section 362(d)(3) obligates the Debtor to either file a plan of

reorganization that has a reasonable possibility of being confirmed within a reasonable time or to begin making payments to LBM;

WHEREAS, the Debtor challenges the validity of LBM's claim, denies that LBM holds a valid mortgage against the Property, and asserts that, as a result, Section 362(d)(3) does not apply to it;

WHEREAS, on September 18, 2007, the Debtor filed a Motion for Order Extending 90-Day Period Set Forth in Section 362(d)(3) of the Bankruptcy Code ("Motion to Extend") [Docket #56];

WHEREAS, by a Stipulation [Docket #92] approved by the Court on October 16, 2007 [Docket #93], the Debtor and LBM agreed to an extension of the ninety-day period provided by Section 362(d)(3) until January 2, 2008;

WHEREAS, by a second Stipulation [Docket #121] approved by the Court on December 14, 2007 [Docket #123], the Debtor and LBM agreed to a further extension of the ninety-day period provided by Section 362(d)(3) until March 3, 2008;

WHEREAS, the Court scheduled a continued hearing [Docket #124] on the Motion to Extend for February 13, 2008, at which upon agreement of the parties, the Court entered an Order [Docket #166] further extending the ninety-day period provided by Section 362(d)(3) until August 8, 2008;

WHEREAS, the Debtor and LBM reached an agreement to further extend the ninety-day period provided by Section 362(d)(3) until November 8, 2008, again to February 8, 2009, and then again to June 30, 2009, and filed stipulations to that effect, which were allowed by the Court on July 24, 2008 [Docket #228], November 25, 2008 [Docket #266], and February 6, 2009 [Docket #283], respectively;

WHEREAS, the Debtor has commenced an adversary proceeding against LBM challenging the validity of its mortgage, which is still ongoing;

WHEREAS, the Debtor and LBM previously reached an agreement to further extend the ninety-day period in Section 362(d)(3) until 60 days after a decision was rendered by the Court on the Debtor's Motion for Summary Judgment (the "Summary Judgment Motion"), which was pending in adversary proceeding No. 08-01030 [Docket #74] and filed a stipulation to that effect, which was allowed by the Court on June 24, 2009 [Docket #294];

WHEREAS, the Court issued a Memorandum of Decision on the Summary Judgment Motion on August 5, 2009, making the expiration date of the period set forth in Section 362(d)(3) 60 days later, October 5, 2009;

WHEREAS, LBM has appealed this Court's decision on the Summary Judgment Motion to the United States District Court for the District of Massachusetts (the "District Court"); and

WHEREAS, the Debtor and LBM have now reached an agreement to further extend the period set forth in Section 362(d)(3) until 60 days after a decision is rendered by the District Court on LBM's appeal (the "Expiration Date").

NOW THEREFORE, the Debtor and LBM stipulate and agree to the following terms:

1.  Upon approval of this Stipulation, the time within which the Debtor must file a plan of reorganization or commence making monthly payments to each secured creditor pursuant to Section 362d)(3) of the Bankruptcy Code will be extended to and including 60 days after a decision is rendered by the District Court on LBM's appeal of this Court's decision on the Summary Judgment Motion ("Expiration Date"); and

2.  Except as expressly set forth herein, nothing contained in this Stipulation is intended to be, nor shall be construed as, a waiver, amendment, or modification of the rights and

remedies of the Debtor and/or LBM, respectively, under the Bankruptcy Code, other applicable law, or otherwise, and the Debtor and LBM each hereby specifically reserve all of their respective rights and remedies in this matter; and

    3.    The Debtor and LBM request the Court enter this Stipulation as an Order, schedule a hearing as necessary on or before the ninety-day period expires on October 5, 2009, and grant any other relief as may be just and proper.

Respectfully submitted,

| SHAMUS HOLDINGS, LLC | LBM FINANCIAL, LLC |
|---|---|
| By its attorneys, | By its attorneys, |
| */s/ Charles A. Dale III* _____ | */s/ Philip F. Coppinger* _____ |
| Charles A. Dale, III, BBO No. 558839 | Philip F. Coppinger, BBO No. 641664 |
| Mackenzie L. Shea, BBO No. 666241 | LBM Financial, LLC |
| K&L Gates LLP | 171 Locke Drive, Suite 114 |
| State Street Financial Center | Marlborough, MA 01752 |
| One Lincoln Street | |
| Boston, MA 02111-2950 | |
| Dated: October 2, 2009 | Dated: October 2, 2009 |

SO ORDERED

_____
Joan N. Feeney
United States Bankruptcy Judge

Dated: _____